UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ROY TAYLOR,

                Plaintiff,

    - v -

C.O. BENBOW, et al.,

                Defendants.
------------------------------------------------------------x

**MEMORANDUM DECISION**

CV-12-5623 (JBW)(VVP)

By letter dated October 24, 2014, the plaintiff has asked Judge Weinstein to review my decision denying his motion to compel the defendants to provide certain discovery. Judge Weinstein has referred the letter to me for a formal decision on the requests at issue. The decision is set forth below.

The claims that remain in this case are set forth in Judge Weinstein's Order and Judgment dated May 20, 2014 [Dkt. Ent. 88], which determined that the plaintiff had adequately stated a valid excessive use of force claim against Correction Officer Benbow and a valid failure-to-protect claim against Correction Officers Morgan and Ballart. The remaining claims in the plaintiff's claims were dismissed.

As detailed in Judge Weinstein's subsequent Memorandum & Opinion [Dkt. Ent. 89] denying the defendants' motion for summary judgment, the excessive use of force claim arises from an incident that occurred when the plaintiff was in the process of being uncuffed after returning to his locked cell from the showers. Once he was locked in, the uncuffing procedure required him to put his hands through the "feedup flap" to enable Correction Officer Benbow to unlock the cuffs. He alleges that as he did so, he lost his footing and momentarily withdrew his hands from the flap back into his cell. Benbow, however,

apparently retained his grip on the cuffs and began yanking and pulling on the cuffs despite the plaintiff's screams of pain. Chunks of skin were scraped from the plaintiff's hands and fingers, requiring urgent care including a skin graft.

The plaintiff's failure-to-protect claim arises from a separate incident some three months earlier when the plaintiff and two other inmates were attacked by another group of inmates affiliated with the Crips gang. According to the complaint, the attack was the culmination of a series of events precipitated by a complaint, filed anonymously with prison authorities by the plaintiff. The complaint charged that, because of lax supervision by correction officers, members of the Crips gang served small portions of food to him and other non-gang members while serving gang members much larger portions. Shortly after he filed the complaint, correction officers gathered all of the inmates in the plaintiff's housing unit, and told them that they had heard about the complaint and that "when we get heat, the entire unit get heat." The officers then challenged anyone who believed there was a problem with the food service to speak up. The complaint does not disclose whether anyone responded to the challenge, but the next day members of the Crips gang assaulted the plaintiff and others. The attack lasted for 20 to 30 minutes during which Correction Officers Morgan and Ballart allegedly failed to take actions they could have taken to protect the victims such as pressing the alarm button, opening the door to permit them to escape, and using mace to break up the attack. The attack caused injuries to various portions of the plaintiff's body, including stab wounds.

The plaintiff's letter to Judge Weinstein concerned three items of discovery. With one exception, I denied the plaintiff's motion to compel the defendants to provide the discovery on grounds of lack of relevance. Specifically, the plaintiff sought (1) "directive on prohibiting SRG inmates serving food"; (2) "directive on extraction of inmates in cell & use of force"; and (3) "use of chemical mace by correctional staff."

As to the first item above, the existence and content of any directive concerning food service by inmates is not causally related to the conduct of the correction officers that produced the plaintiff's injuries. The injuries were the result of their failure to protect him from the gang attack, regardless of what motivated the attack. Any connection between a possible failure to follow a directive, if one exists, prohibiting food service by inmates is too remote because it is at least three steps removed from the actual conduct about which the plaintiff complains.

The second item was construed by the defendants to cover two separate matters, the extraction of inmates from cells and the use of force. As to the extraction of inmates from their cells, since there is no claim in the case related to the extraction of the plaintiff from his cell any directive concerning the matter is irrelevant. As to the use of force, the defendants have agreed to provide the use of force directive under a protective order which the court has issued.

Finally, as to the third item, again the plaintiff's claims do not arise from the use of mace by any of the defendants. Nor do the defendants contend that they were prohibited

from using mace to protect the plaintiff.  Any directive on the use of mace is therefore irrelevant.

For the foregoing reasons, the plaintiff's motion to compel discovery concerning the items set forth above is denied, except as to the use of force directive which the defendants have agreed to provide.

The plaintiff has the right to appeal from this Memorandum Decision.  To do so he must file a letter addressed to Judge Weinstein with the clerk's office stating his objections to the decision.  The letter must be filed within 14 days after he has received this Memorandum Decision.

           **SO ORDERED:**

           *Viktor V. Pohorelsky*
           VIKTOR V. POHORELSKY
           United States Magistrate Judge

Dated:    Brooklyn, New York
           December 30, 2014