UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ROY TAYLOR,

                Plaintiff,

       - v -

C.O. BENBOW, et al.,

                Defendants.
------------------------------------------------------------x

**DECISION AND ORDER**

CV-12-5623 (JBW)(VVP)

       This action arises from incidents that occurred at Riker's Island while the plaintiff was incarcerated there. The two claims that remain, following the court's rulings on the defendants' motion to dismiss, are described in Judge Weinstein's Memorandum & Opinion dated May 20, 2014 [Dkt. Ent. 89]. Briefly stated they are a failure-to-protect claim made against two correction officers, Morgan and Ballart, who allegedly did not take appropriate action to prevent the plaintiff from injury during an assault by Crips gang members, and an excessive use of force claim against a different correction officer, Benbow, arising from injuries allegedly suffered by the plaintiff while being uncuffed by Benbow.

       In a submission dated October 27, 2014 and filed on November 5, 2014, which consists of a handwritten letter [Dkt. Ent. 118], a typewritten motion entitled Motion to Compel and Sanction [Dkt. Ent. 118-1], and a series of typewritten requests for discovery styled as motions [Dkt. Ent. 118-2], the plaintiff seeks various forms of relief from the court and various items of discovery from the defendants. The defendants have responded to the submission with a Declaration by their counsel [Dkt. Ent. 121] and a Memorandum of Law [Dkt. Ent. 122]. On the basis of the submissions, as well as prior proceedings, the court makes the following rulings on the various requests for relief made by the plaintiff.

## Relief Requested in the Plaintiff's Handwritten Letter

The plaintiff's handwritten letter [Dkt. Ent. 118] first asks for "Declarations" made by the defendants' counsel at a hearing which the plaintiff contends was held before Judge Weinstein out of his presence. The hearing purportedly concerned the failure-to-protect and exhaustion issues. There is no indication in the record, however, that Judge Weinstein conducted any hearing or other proceedings out of the plaintiff's presence.[1] Nor have I located any Declarations by the defendants' counsel concerning those issues that were not served on the plaintiff and made part of the record. I am therefore unable to discern what the plaintiff is requesting, and can afford no relief.

The plaintiff's handwritten letter next seeks the production of documents and information, apparently in anticipation of a further amended complaint that the plaintiff wishes to file which will name an additional correction officer as a defendant. Specifically, the plaintiff asks for a copy of "Exhibit A in the records on file in my case filed with the original 1983." (I interpret the phrase "original 1983" to refer to the plaintiff's complaint alleging claims under section 1983.) Exhibit A purportedly identifies the correction officer who made an announcement to an assemblage of inmates which, according to the plaintiff, led to the Crips gang attack that underlies his failure-to-protect claim. The court, however, has found no Exhibit A attached to any of the four complaints the plaintiff has thus far filed,

---

[1]The plaintiff is incarcerated, but has participated in proceedings by telephone.

see Dkt. Ents. 1, 6, 26, 105, and is therefore unable to provide anything in response to this request.[2]

The plaintiff's letter next requests production of correspondence apparently directed to the Department of Corrections by a Prisoner Rights Project representative concerning the incident which may also identify the correction officer. Should such correspondence exist, the defendants are directed to produce it, not only because it may provide the officer's identity, but also because it may contain other information about the incident that would lead to evidence admissible at trial. In view of the failure by the Department of Corrections to locate documents related to the incident, the correspondence (if it exists) may have particular significance.

The plaintiff's letter also reargues issues related to policy directives requested by the plaintiff that were previously addressed by me in a conference, and in a Memorandum Decision dated December 30, 2014. Nothing in the plaintiff's letter convinces me to alter my decisions concerning those matters.

Finally, the plaintiff asks to further amend the complaint to add corrections officers, including the security officer he is seeking to identify, and argues for sanctions to be imposed on the defendants for discovery abuses. Both of those matters are also the subject of the plaintiff's typewritten motion, see Dkt. Ent. 118-1, and are addressed below.

---

[2]The plaintiff's letter also suggests that the name of the correction officer is contained in a motion or correspondence apparently filed somewhere in the record. Without more specificity, the court is unable to locate any such documents.

## *The Plaintiff's Motion to Compel and Sanction and For Permission to Amend*

Appended to the plaintiff's handwritten letter is a typewritten motion requesting that the court sanction the defendants for discovery abuses, and seeking permission to amend the complaint to add as a defendant a correction officer identified as Captain Devon Mitchell. Dkt. Ent. 118-1.

The sanctions motion seeks the entry of a default judgment against the defendants because of various discovery deficiencies including the production of "darkened" and "unreadable" photographs and documents, the failure to produce a copy of a video recording of one of the incidents in question, and the failure to produce the entire investigatory and disciplinary records relating to both of the incidents in question. The defendants have provided adequate responses to the claimed deficiencies cited by the plaintiff, however. As to the allegedly unreadable documents, the defendants' counsel is obtaining better copies of both the photographs and the documents, including actual photographs (rather than photocopies of photographs) if they can be made. As to the investigatory and disciplinary records relating to the incidents in question, the defendants have produced what they have been able to locate and acknowledge that they have been unable to locate most of the materials relating to the May 24, 2012 incident. In compliance with the court's order, the defendants have produced an affidavit by the person responsible for producing the documents concerning the various areas of Riker's Island that have been searched in an effort to locate the missing files.[3] Finally, as to the video recording the plaintiff seeks, the

---

[3] The affidavit was signed by Captain Allen Gaines, the supervisor of the search efforts, who attested that searches were made in the following locations at Riker's Island: the GRVC Security

-4-

defendants' counsel has received confirmation from the prison facility where the plaintiff is currently held that his possession of a video recording would be considered contraband, and has therefore refrained from sending it to him. The recording will, however, be provided to him upon his release from prison (expected in March 2015), along with an audio recording of the disciplinary proceeding concerning one of the incidents which has also been located.

The plaintiff asks that the court require various officials of the Corrections Department to appear in court to testify about the failure to produce the items of discovery that have not been located. Specifically, he identifies the following persons who should be produced: GRVC Warden Edmund Duffy (the warden of the housing unit where he was held, Associate Deputy Warden Kenneth Stukes, Disciplinary Captain Medina, and the liaison at Riker's Island in charge of gathering records for production in this litigation. As for Duffy and Stukes, the only knowledge the plaintiff has attributed to them about items of discovery he has requested is the video recording which, as indicated above, will be produced to him once he is released from incarceration. As for Medina, according to the plaintiff his involvement in the events at issue was limited to his adjudication of the disciplinary hearing concerning the uncuffing incident that underlies his excessive use of force claim. As the records of that proceeding have been produced, there is no reason to have Median appear to explain their whereabouts. Finally, since the liaison was simply a person who gathered the records, and since an affidavit has now been produced that explains all of the searches that

---

Office, the archives in the basement, the Hearing Office, the Investigation Office, the Inmate Information System, the Operations Security Intelligence Unit and the Adjudication Unit.

were made to locate the records, testimony by the liaison is unlikely to provide any additional information.

In view of the above, as well as my review of other discovery responses provided by the defendants, see Dkt. Ent. 109, I find no basis at this time for the imposition of any sanction on the defendants, much less the harsh sanction of a default judgment as requested by the plaintiff.

The plaintiff also requests permission to amend the complaint yet again in order to add correction officer Devon Mitchell as a defendant. The plaintiff alleges that Mitchell failed to properly investigate both of the incidents that underlie his claims, and that he coerced inmates into providing false statements about what occurred. At a conference held on December 18, 2014, I gave the plaintiff specific directions as to how to make a motion to add and additional claims he wishes to make, including claims against Mitchell. Those directions were also set forth in a calendar entry that was mailed to him, which also set a schedule for opposition by the defendants and a reply by the plaintiff. See Dkt. Ent. 125. Whether or not the plaintiff will be allowed to amend the complaint further will depend on the court's decision on that motion.

## *The Plaintiff's Motion for Admissions and for Production of Documents*

Also annexed to the plaintiff's handwritten letter are a series of typewritten documents, styled as motions, that include requests for admissions, document requests and interrogatories. Dkt. Ent. 118-2. It appears that some of these are new sets of requests for discovery, although some of the items were also the subject of earlier requests made by the

plaintiff. In their opposition to the plaintiff's submission the defendants have set forth their position with respect to each of the requests. See Dkt. Ent. 122. Set forth below are the court's rulings on each of the requests:

*Requests for Admissions* (found at pages 1-2 of Dkt. Ent. 118-2)

Having reviewed the defendants' responses and objections (found at pages 9 and 10 of Dkt. Ent. 122), I find that the objections to Requests 1-3, 7, and 8 are appropriate and they are sustained. The remainder of the responses either admit or deny the requested admissions, or provide a proper reason for being unable to admit or deny the admission. The responses are therefore sufficient and proper. *See* Fed. R. Civ. P. 36(a)(4).

*Requests for Production of Documents* (found at pages 2-3 of Dkt. Ent. 118-2)

Having reviewed the defendants' responses and objections (found at pages 10-13 of Dkt. Ent. 122), I find as follows:

Requests 1, 2, 3, 6(b), 7 and 10 – The defendants' responses to requests are sufficient in that the defendants have produced, or will produce, all documents that are responsive to those requests to the extent they can be located.

Request 4 – The defendants' objection to this request, which seeks the training manual concerning the use of force, is sustained on grounds of lack of relevance. The defendants have already produced the directive requested by the plaintiff concerning the use of force and the plaintiff has made no allegation that the defendants' training concerning the use of force was inadequate.

Requests 5 and 6(a) – The defendants' objection to these requests, which seek photo arrays of all Crips inmates and of all correctional officers on duty on May 23 and 24, 2012, on grounds of lack of relevance and burdensomeness is sustained.

Request 8 – The objection to this request, which seeks production of the person who prepared and copied the discovery produced thus far, is sustained. As explained earlier, the defendants have produced an affidavit from the person in charge of gathering responses to the plaintiff's discovery requests.

Request 9 – The defendants' response to this request is sufficient inasmuch as they do not possess a document that contains the information requested.

*Requests for Production of Documents and Interrogatory* (found at page 4 of Dkt. Ent. 118-2)

These requests were previously filed as Dkt. Ent. 107 and the defendants addressed them in a letter dated October 20, 2014, filed as Dkt. Ent. 109, under the heading "Motion to Compel." In addition, they were addressed during a conference held on October 23, 2014. Having reviewed the requests and responses, I find as follows:

Request 1 – The defendants' objection on grounds of lack of relevance is sustained as records concerning individuals who made legal visits to the plaintiff in 2011 and 2012 have no connection to the claims that remain in this action.

Request 2 – The defendants need not produce color photo arrays of all security officers on duty on May 23 and 24, 2012.

Requests 3 through 5 – The defendants are required to produce these items, to the extent that they can be located. It is the court's understanding, however, that the requested items have not been found.

Interrogatory – The defendants' objection to this interrogatory is sustained as it ask for information concerning the defendants' attorney.

<u>*"Amended" Motion for Interrogatories*</u> (found at pages 5-6 of Dkt. Ent. 118-2)

No rulings are required as to this aspect of the plaintiff's submission as the defendants have responded in writing to the interrogatories and the plaintiff has not identified any deficiency in the responses.

The remainder of the plaintiff's submission consists of photocopies of correspondence concerning discovery requests that have been addressed in the rulings above or in the court's previous Memorandum Decision, Dkt. Ent. 126. They therefore require not further rulings.

The plaintiff has the right to appeal from this Decision and Order. To do so he must file a letter addressed to Judge Weinstein with the clerk's office stating his objections to the decision. The letter must be filed within 14 days after he has received this Decision and Order.

                                                               **SO ORDERED:**

                                                        *Viktor V. Pohorelsky*
                                                        VIKTOR V. POHORELSKY
                                                        United States Magistrate Judge

Dated:     Brooklyn, New York
               January 12, 2015